# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEBRA ROOP,**

**Plaintiff,**

**-vs-**                                                  **Case No.  6:07-cv-1087-Orl-22KRS**

**GLENN C. CARTER; G&C REPAIR
CENTER, INC.;  and G&C SALES AND
SERVICE OF MELBOURNE, INC.,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF REVISED SETTLEMENT AGREEMENT (Doc. No. 24)** |
| **FILED:** | **October 25, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201, *et seq*.

The parties have reached a settlement agreement and seek court approval of that agreement.  In *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit

explained that claims for back wages under the FLSA may only be settled or compromised when the

Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

On October 12, 2007, after oral argument on the parties' joint motion for approval of the settlement agreement, doc. no. 19, I issued a Report and Recommendation recommending that the Court deny the parties' motion, as Plaintiff Debra Roop would not be compensated for all of the overtime hours she worked. Doc. No. 23. In consideration of my recommendation, the parties have entered into a revised settlement agreement. Doc. No. 24-2. Under the revised settlement agreement, Roop will now receive the full amount of overtime that she is allegedly due. Doc. No. 24 ¶ 3. When, as here, a case is resolved by payment of the full amount of wages allegedly due under the FLSA, the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, I respectfully recommend that the Court approve the revised settlement agreement and dismiss the case with prejudice, pursuant to the agreement of the parties. I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 30, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy